NIGHT BOX
FILED

FEB 1 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: 0-06163
CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON

UNITED STATES OF AMERICA

    Plaintiff

vs.

ANNETTE CARUTHERS

    Defendant
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $1874.95, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $1953.18, plus interest thereafter on this principal from January 18, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $3828.13, plus interest at 8. percent per annum on the principal amount of $1874.95, from January 18, 2000

to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 31 day of JANUARY, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: *[signature]*
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. 3059619311
Fax No. 3055307195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Annette Caruthers
1363 Seaview
Pompano Beach, FL 33068
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11-09-98.

On or about 07-25-85, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from Leader Federal Savings & Loan Association at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $747.50 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09-20-86, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,874.95 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 06-03-93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,874.95 |
| Interest: | $1,774.55 |
| Administrative/Collection Costs: | $0.00 |
| Late fees | $0.00 |
| Total debt as of **11-09-98**: | $3,649.50 |

Interest accrues on the principal shown here at the current rate of 8.00 % and a daily rate of $0.41.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/13/98    Name: _____
                         Title _____
                         Branch _____


GOVERNMENT EXHIBIT A

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

### A. IMPORTANT — READ THIS INFORMATION CAREFULLY
The terms "I" and "me" refer to the borrower.

Your SSN: 261- N.W. 2nd Street
Your Address: 109 N.W. 2nd Street
Your City/State/ZIP: HALLANDALE, FLA. 33_

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan    c) the dollar amount of the origination fee I will pay    e) my disbursement schedule (when I will get my loan checks)
   b) the interest rate I will pay    d) the dollar amount of the guarantee fee I will pay    f) how long my grace period will be
   Some of the terms on my Disclosure Statement may be different from what they are on this Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, will contact my lender immediately and I will not cash any loan checks.
   I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

### B. PROMISE TO PAY

I, ANNETTE CARUTHERS (Print Your Name as Borrower), promise to pay to the order of Leader Federal Savings & Loan Association (Print Your Lender's Name)

Memphis, Tennessee (Print Your Lender's City and State)

All of the following amounts:
1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED $ 2500.00

2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%.
I further understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section D below, and (c) during the time my loan payments are deferred as allowed by Section F below.

3) The Guarantee Fee which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months the fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, but will, at the lender's option, be applied to my loan balance or be returned to me.

4) The Origination Fee which will be deducted from the proceeds of the loan. The fee may not exceed 5 percent of the Loan Amount. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

### C. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of the HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### D. REPAYMENT
I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the lender will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply
   a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum or, the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15 year periods mentioned above.

4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.

5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

### E. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed

HEAF Form 207A, 03-84    LENDER COPY

### F. DEFERMENT
I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the _____ federal regulations and the Rules and Regulations of the HEAF, including, without limitation submission of required forms to the lender

### G. MODIFICATION OF REPAYMENT TERMS
If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from Deferment (Section F) and that I will remain responsible for payment of interest during the period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan

### H. ACCELERATION & DEFAULT
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half time student, (b) change my graduation date, (c) change my name or (d) change my address

If I fail to make any payment when due, I will also pay all charges and other costs — including attorney's fees — that are permitted by federal law and regulations for the collection of the amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed

### I. CREDIT BUREAU NOTIFICATION
If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau organizations.

### J. LATE CHARGES
If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less

### NOTICE TO BORROWER
a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY
d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

X _Annette Caruthers_  June 27
Sign Your Name                              Today's Date

CARUTHERS, ANNETTE,
CLAIM NC 1993C5C248294  06-03-93
SSN 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   TD  1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

ANNETTE CARUTHERS

*(stamped: 00-6163 CIV-DIMITROULEAS MAGISTRATE JUDGE JOHNSON)*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

B: Broward 00cv6163/WPD/Johnson

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*NIGHT BOX FILED FEB 1 2000*

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, **(BROWARD)**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

*CLARENCE MADDOX CLERK USDC*

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | B□ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | B□ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability | B□ 625 Drug Related Seizure of Property 21 USC 881 |  | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | B□ 630 Liquor Laws | **A PROPERTY RIGHTS** | B□ 450 Commerce/ICC Rates/etc |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers Liability | B□ 640 R.R. & Truck | □ 820 Copyrights | □ 460 Deportation |
| □ 151 Medicare Act | **PERSONAL INJURY** | B□ 650 Airline Regs | □ 830 Patent | □ 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 362 Personal Injury - Med Malpractice | B□ 660 Occupational Safety/Health | □ 840 Trademark | □ 810 Selective Service |
| B□ 153 Recovery of Overpayment of Veteran's Benefits | □ 365 Personal Injury - Product Liability | B□ 690 Other | **A LABOR** | □ 850 Securities/Commodities/ Exchange |
| □ 160 Stockholders Suits | □ 368 Asbestos Personal Injury Product Liability |  |  | □ 875 Customer Challenge 12 USC 3410 |
| □ 190 Other Contract | □ 340 Marine | **PERSONAL PROPERTY** | □ 710 Fair Labor Standards Act | **B SOCIAL SECURITY** | □ 891 Agricultural Acts |
| □ 195 Contract Product Liability | □ 345 Marine Product Liability | □ 370 Other Fraud | □ 720 Labor/Mgmt Relations | □ 861 HIA 1395ff | □ 892 Economic Stabilization Act |
|  | □ 350 Motor Vehicle | □ 371 Truth in Lending | □ 730 Labor/Mgmt Reporting & Disclosure Act | □ 862 Black Lung (923) | □ 893 Environmental Matters |
| **A REAL PROPERTY** | □ 355 Motor Vehicle Product Liability | □ 380 Other Personal Property Damage | □ 740 Railway Labor Act | □ 863 DIWC/DIWW (405(g)) | □ 894 Energy Allocation Act |
| □ 210 Land Condemnation | □ 360 Other Personal Injury | □ 385 Property Damage Product Liability | □ 790 Other Labor Litigation | □ 864 SSID Title XVI | □ 895 Freedom of Information Act |
| B□ 220 Foreclosure | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 791 Empl Ret Inc Security Act | □ 865 RSI (405(g)) | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 230 Rent Lease & Ejectment | □ 441 Voting | B□ 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | □ 950 Constitutionality of State Statutes |
| □ 240 Torts to Land | □ 442 Employment | **HABEAS CORPUS:** |  | A□ 870 Taxes (U.S. Plaintiff or Defendant) | □ 890 Other Statutory Actions A OR B |
| □ 245 Tort Product Liability | □ 443 Housing/Accommodations | B□ 530 General |  | A□ 871 IRS - Third Party 26 USC 7609 |  |
| □ 290 All Other Real Property | □ 444 Welfare | A□ 535 Death Penalty |  |  |  |
|  | □ 440 Other Civil Rights | B□ 540 Mandamus & Other |  |  |  |
|  |  | B□ 550 Civil Rights |  |  |  |
|  |  | B□ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN, 34 CFR 682.100(4)(d)

**LENGTH OF TRIAL** via _1_ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION □ UNDER F.R.C.P. 23

**DEMAND $** 3,828.13 + interest & costs

**CHECK YES only if demanded in complaint**
**JURY DEMAND:** □ YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____   DOCKET NUMBER _____

**DATE** 1/31/00

**SIGNATURE OF ATTORNEY OF RECORD** *(signature)*

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____